IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02962-CMA-KLM

TRACY A. CARSON,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

_____

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

     This matter is before the Court on Plaintiff's **Motion for Leave to Amend** [#24][1] (the

"Motion to Amend"), and Defendant's **Motion to Dismiss for Failure to File a Certificate**

**of Review** [#22] (the "Motion to Dismiss").  The Motions are referred to this Court for

recommendation regarding disposition [#23, #25].  Plaintiff, who proceeds in this matter pro

se,[2] filed the Motion to Amend [#24] before responding to Defendant's Motion to Dismiss

[#22].  Plaintiff then filed a Certificate of Review [#28] before filing a Response [#29] to the

Motion to Dismiss [#22].  Defendant thereafter filed a Reply [#30].  The Court has reviewed

_____

[1]  "[#24]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order and Recommendation.

[2]  The Court must construe the filings of a pro se litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  The Court, however, should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

the Motions, the Certificate of Review, the Response, the Reply, the entire docket, and the

applicable law, and is sufficiently advised in the premises.  For the reasons set forth below,

the Court **GRANTS** the Motion to Amend [#24] and respectfully **RECOMMENDS** that the

Motion to Dismiss [#22] be **GRANTED**.

Currently, Plaintiff is incarcerated by the Federal Bureau of Prisons (the "BOP").

*Compl.* [#1] at 4.  Plaintiff brings one claim under 28 U.S.C. §§ 2679(d)(2) and 2675(a), and

he asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1346(b).  *Id.* at 3.  Plaintiff

alleges that the BOP "breached [its] duty to provide adequate health care to [P]laintiff . . .

."  *Id.*  Specifically, Plaintiff asserts a medical malpractice claim based on negligence

against the United States under the Federal Torts Claims Act ("FTCA").  *Id.* at 3-4.  Plaintiff

seeks $400,000 in damages and "[a] declaration that the acts described [in the Complaint]

violated plaintiffs [sic] right to adequate medical care, and as a result plaintiff has suffered

serious and permanent scar tissue damage to his liver."  *Id.* at 13.

### I.  Motion to Amend

Plaintiff seeks to amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B).

*Motion to Amend* [#24] at 1.  Under Rule 15(a)(1)(B), "[a] party may amend [his] pleading

once as a matter of course . . . 21 days after service of a motion under Rule 12(b) . . . ," if

the pleading is one to which a responsive pleading is required. Fed. R. Civ. P. 15(a)(1)(B).

Plaintiff filed the Motion to Amend nineteen days after the United States filed the Motion to

Dismiss pursuant to Rule 12(b)(6).  *Id.* at 1.  Plaintiff, therefore, is entitled to amend the

Complaint under Rule 15(a)(1)(B).  Plaintiff proposes to amend the Complaint to identify

the medical providers who were allegedly "negligent in their determination of when to start

treatment for Plaintiff's hepatitis C . . . ."   *Motion to Amend* [#24] at 2.  Specifically, Plaintiff

seeks to clarify that only D. Allred, D.O. ("Allred") and the BOP, Allred's employer, acted

negligently with respect to Plaintiff's medical treatment.  *Id.*  Plaintiff asserts that he "has

no intention of claiming negligence resulting in damages against Dr. Thomas Kraus, [N]urse

[P]ractitioner Nehls, Jason D. Sutherland, M.D. (pathologist), J. Fernandez, H. Newcomb,

RN, or Robin H. Amirkhan, M.D."  *Id.*

Accordingly, the Court **grants** the Motion to Amend [#24].

## II.  Motion to Dismiss

### A.   Background

According to Plaintiff, in the year 2000, he contracted the hepatitis C virus ("HCV")

while he was incarcerated at the United States Penitentiary in Florence, Colorado.  *Compl.*

[#1] at 4.  Plaintiff alleges that, in 2001, he requested and was denied medical treatment

for HCV at the United States Penitentiary in Leavenworth, Kansas.  *Id.* at 5.  Plaintiff further

alleges that medical staff in Leavenworth told him "he would be placed on chronic care, and

evaluated every six months by a doctor."  *Id.*  Plaintiff alleges that Thomas G. Kraus, M.D.

("Kraus"), a physician at the Federal Correctional Institution in Englewood, Colorado,

ordered a biopsy of Plaintiff's liver and recommended medical treatment.  *Id.* at 9; *see also*

*Cert. of Review* [#28] at 2.  According to Plaintiff, he did not receive medical treatment

because "he did not meet the criteria for starting treatment . . . ."  *Compl.* [#1] at 10.

Plaintiff avers that "[d]octors within [the BOP] adhere to the National Guidelines when

considering [medical] treatment for inmates with [HCV]."  *Id.* at 6.  Plaintiff maintains that

the National Guidelines outline "unreasonable criteria" for adequate HCV medical

treatment.  *Id.* at 11.  According to Plaintiff, he has "suffered serious and permanent scar

tissue damage to his liver" because the BOP followed the National Guidelines. *Id.* Finally, Plaintiff claims that only Dr. Allred and the BOP acted negligently in regards to Plaintiff's HCV medical treatment. *Motion to Amend* [#24] at 2.

On January 30, 2014, the United States filed a Motion to Dismiss Plaintiff's claim of negligence "because [Plaintiff did] not file a certificate of review as required by applicable Colorado law." *Motion to Dismiss* [#22] at 1 (citing Colo. Rev. Stat. § 13-20-602). The United States argues that Plaintiff's claim should be dismissed pursuant to § 13-20-602. *Motion to Dismiss* [#22] at 2.

Before responding to the Motion to Dismiss, Plaintiff filed a certificate of review (the "Certificate") on March 5, 2014. The Certificate states that "Dr. Kraus has review[ed] plaintiff's medical records and has determined plaintiff is in need of treatment for [HCV] and has suffered damage to his liver as a result of [HCV]." *Cert. of Review* [#28] at 2. According to the Certificate, Jason L. Kelly, M.D. ("Kelly") "performed a liver biopsy on plaintiff to determine [the] extent of damage caused by [HCV] to plaintiff's liver . . . ." *Id.* at 3. The Certificate asserts that Jason D. Sutherland, M.D. ("Sutherland"), a pathologist, found that the liver biopsy results were "consistent with chronic [HCV] infection." *Id.* According to the Certificate, "Dr. Kraus, Dr. Kelly and Dr. Sutherland are unbiased medical experts and support plaintiff's claim of damages caused by [HCV]." *Id.* at 4. Finally, Plaintiff attached six pages of medical forms to the Certificate. *Id.* at 5-10.

On March 12, 2014, Plaintiff filed a Response to the Motion to Dismiss. First, Plaintiff argues that he "is not required to file a Certificate of Review when bringing a claim of negligence against a government agency." *Response* [#29] at 4. Second, Plaintiff argues that "[s]ince [he] has not hindered the Governments [sic] defence [sic] and since no

4

trial date has been set his late filing of [a] certificate of review should be excused by the court." *Id.* at 5.

In the Reply, Defendant argues that "Plaintiff is required to file a Certificate of Review even though the United States is the named defendant rather than an individual licensed professional." *Reply* [#30] at 2. The United States further argues that "Plaintiff has failed to file a Certificate of Review that complies with the requirements of Colo. Rev. Stat. § 13-20-602(3)(a)." *Id.* at 3.

## B.    Legal Standard

Colorado law applies to this action. *Hill v. United States*, 751 F. Supp. 909, 910 (D. Colo. 1990). A party who asserts a professional negligence claim against the United States is required to file a certificate of review. Colo. Rev. Stat. § 13-20-602(1)(a); *Hill*, 751 F. Supp. at 910. Because § 13-30-602 does not set forth a jurisdictional requirement, "courts have discretion to determine if a certificate of review is necessary." *Fogle v. Elliott*, No. 11-cv-03253-CMA-MEH, 2012 WL 5363800, at *9 (D. Colo. Sept. 18, 2012) (citations omitted). The purpose of the certificate of review is to "establish a prima facie case of negligence." *Badis v. Martinez*, 819 P.2d 551, 554 (Colo. App. 1991), *rev'd on other grounds*, 842 P.2d 245 (Colo. 1992). This process ensures that the defendant does not expend "unnecessary time and costs in defending professional negligence claims" by "weed[ing] out frivolous claims at an early stage of the judicial process." *Yadon v. Southward*, 64 P.3d 909, 912 (Colo. App. 2002) (citation omitted).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive

a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007) (citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).      As the Tenth Circuit has explained, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted) (internal quotation marks omitted).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft*, 566 U.S. at 679 (citation omitted) (internal quotation marks omitted).

## C.    Analysis

Colorado law provides:

> In every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each . . . licensed professional named as a party . . .  within sixty days after the service of the complaint . . . against such person unless the court determines that a longer period is necessary for good cause shown.

Colo. Rev. Stat. § 13-20-602(1)(a).  Courts require certificates when expert testimony is

needed to establish a prima facie case of professional negligence.[3]   *Fogle*, No. 11-cv-03253-CMA-MEH, 2012 WL 5363800, at *9; *Martinez v. Badis*, 842 P.2d 245, 249 (Colo. 1992) (en banc).   Certificates are normally required for medical malpractice claims based on negligence because most of these claims require expert testimony.   *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 627; *Teiken v. Reynolds*, 904 P.2d 1387, 1389 (Colo. App. 1995) (citations omitted).   If a certificate is deemed necessary, courts will not exempt pro se plaintiffs from filing one.   *Yadon*, 64 P.3d at 912.

### 1.   Requirements for FTCA Claims Against Federal Agencies

Under the FTCA, the United States is liable to the same extent that a private individual would be liable under the applicable law.   28 U.S.C. § 1346(b)(1).   The Tenth Circuit has found that § 13-20-602 applies "to professional negligence claims brought against the United States under the FTCA."   *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1118 (10th Cir. 2004).   Moreover, "to hold that the United States is not entitled to the protection of the certificate of review requirement would place it in a differently situated position than private parties defending against professional negligence claims in Colorado, thereby undermining the conditions precedent to the United States' waiver of sovereign immunity in the FTCA."   *Id.*

Plaintiff argues that he was not required to file a certificate for his professional negligence claim against the BOP because the BOP is a federal agency, not an individually-licensed professional.   *Response* [#29] at 4.   As the United States asserts in the Reply, Plaintiff offers no case law to support his legal argument.   *Reply* [#30] at 2.

---

[3]   This includes claims for professional negligence which seek damages from the employers of alleged tortfeasors.   *State v. Nieto*, 993 P.2d 493, 505 (Colo. 2000) (en banc).

Indeed, the *SmithKline* court makes clear that the United States is "entitled to the protection of the certificate of review requirement" when the United States is the named plaintiff. *SmithKline*, 393 F.3d at 1118.  Accordingly, the Court finds that the certificate of review requirement is applicable to Plaintiff's professional negligence claim against the BOP.

### 2. Good Cause for Late Filing

A certificate of review must be filed "within sixty days after the service of the complaint . . . against such person unless the court determines that a longer period is necessary for good cause shown."  Colo. Rev. Stat. § 13-20-602(1)(a).  Courts must consider three factors when determining whether good cause exists for untimely filing: "(1) whether the neglect causing the late filing was excusable; (2) whether the moving party has alleged a meritorious claim or defense; and (3) whether permitting the late filing would be consistent with equitable considerations, including any prejudice to the non-moving party." *RMB Servs., Inc. v. Truhlar*, 151 P.3d 673, 676 (Colo. App. 2006) (citing *Hane v. Tubman*, 899 P.2d 332, 335 (Colo. App. 1995)).  Courts must consider all three criteria, but failing to satisfy one criterion is grounds to refuse a certificate. *Id.*; *Bolsa Res., Inc. v. AGC Res., Inc.*, No. 11-cv-01293-MSK-KMT, 2012 WL 1454023, at *1-2 (D. Colo. Apr. 25, 2012)*; Canada v. United States*, No. 08-cv-00303-CMA-KMT, 2009 WL 4810690, at *5-6 (D. Colo. Dec. 11, 2009); *Arvada Dev. Grp., LLP v. All Envtl., Inc.*, No. 07-cv-01107-MSK-KMT, 2008 WL 927651, at *4 (D. Colo. Apr. 3, 2008); *Jennings v. A-1 Traffic Control & Barricade, Inc.*, No. 05-cv-1056-LTB-MEH, 2006 WL 1351659, at *3 (D. Colo. May 15, 2006); *Yadon*, 64 P.3d at 913-14, *Williams v. Boyle*, 72 P.3d 392, 396-97 (Colo. App. 2003).

The first factor the Court considers is whether the certificate's late filing is due to

excusable neglect. *RMB Servs.*, 151 P.3d at 676.  Plaintiff offers no explanation for the untimeliness of his filing and, therefore, he has not demonstrated excusable neglect. This factor weighs against permitting Plaintiff's late filing.

The second factor is whether Plaintiff has alleged a meritorious claim. *Id.* "In Colorado, to establish a medical malpractice claim based upon negligence, the plaintiff must show that: (1) defendant owed plaintiff a legal duty; (2) defendant breached that duty; (3) plaintiff was injured; and (4) defendant's breach of that duty was the proximate cause of plaintiff's injury." *Sisneros v. United States*, No. 06-cv-00311-EWN-KLM, 2008 WL 4170361, at *4 (D. Colo. Sept. 5, 2008) (citing *Casebolt v. Cowan,* 829 P.2d 352, 356 (Colo. 1992) (en banc)).  Prison officials have a legal duty to "ensure that inmates receive adequate . . . medical care . . . ." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted).  Plaintiff alleges that the BOP "breached [its] duty to provide adequate health care to plaintiff by adhering to an unreasonable criteria for determining when to start treatment for [HCV]  . . . ." *Compl.* [#1] at 3.  Plaintiff also alleges that "as a result of [the BOP's] negligence [he] has suffered serious and permanent liver damage." *Compl.* [#1] at 3. Thus, Plaintiff's allegations, if true, demonstrate the elements of negligence. *See Sisneros*, 2008 WL 4170361, at *4.  This factor weighs in favor of allowing Plaintiff's late filing.

The third factor references equitable considerations. *RMB Servs.*, 151 P.3d at 676. Plaintiff maintains that the United States will not be prejudiced by the acceptance of Plaintiff's untimely Certificate.  First, Plaintiff argues that the untimely Certificate should be accepted because "Plaintiff has not hindered the Governments [sic] defence [sic]." *Response* [#29] at 5.  Second, Plaintiff contends that the untimely Certificate should be accepted because "no trial date has been set . . . ." *Id.*  The United States does not

address how it would be prejudiced by the acceptance of the untimely Certificate, which Plaintiff filed soon after the United States filed the Motion to Dismiss.[4]  The "prejudice" which arguably results from having to defend a lawsuit is not deemed to be "undue" prejudice.  *See Collins v. Ace Mortg. Funding, LLC*, 08-cv-1709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008) ("The ordinary burdens associated with litigating a case do not constitute undue burden.").  Furthermore, discovery has not begun in this matter.  This factor weighs in favor of allowing Plaintiff's late filing.

Weighing the relevant factors, the Court finds Plaintiff has shown good cause for accepting the Certificate despite its untimely filing.  Accordingly, the Court accepts the Certificate and next examines whether Plaintiff's Certificate meets the requirements of § 13-20-602.

### 3.    § 13-20-602 Requirements

Colorado law prescribes certain requirements with which certificates of review must comply.  Under § 13-20-602, certificates must declare:

> [t]hat the attorney has consulted a person who has expertise in the area of the alleged negligent conduct; [t]hat the professional . . . has reviewed the known facts, including such records, documents, and other materials which the professional has found to be relevant to the allegations of negligent conduct and, based on the review of such facts, has concluded that the filing of the claim, counterclaim, or cross claim does not lack substantial justification . . . [and] that the person consulted can demonstrate by competent evidence that, as a result of training, education, knowledge, and experience, the consultant is competent to express an opinion as to the negligent conduct alleged.

Colo. Rev. Stat. § 13-20-602(3)(a)(i),(ii)(c).  In some instances, courts have accepted

---

[4]  The United States filed the Motion to Dismiss on January 30, 2014, and Plaintiff filed the Certificate on March 5, 2014.  *Motion to Dismiss* [#22]; *Cert. of Review* [#28].

documents that do not strictly adhere to § 13-20-602(3)(a)(i),(ii)(c) because the documents include the same essential information as a proper certificate. *Trierweiler v. Croxton*, 90 F.3d 1523, 1542 (10th Cir. 1996) ("Contrary to the district court's order . . . we are unable to find authority for the proposition that expert reports cannot satisfy the statute. . . . The district court might have accepted [the expert reports] in lieu of the certificates . . . ."); *Shelton*, 984 P.2d at 629 ("Although we disapprove of the trial court's failure to require the filing of a certificate of review, in this case, the information provided by [the plaintiff] in the expert reports gave [the defendant] all of the information that it would have received pursuant to a certificate of review.").

The United States argues that Plaintiff's Certificate does not meet the requirements of Colo. Rev. Stat. § 13-20-602. *Reply* [#30] at 3-4. Plaintiff's Certificate includes medical records from Dr. Kraus, Dr. Kelly, and Dr. Sutherland. *Cert. of Review* [#28] at 2. Plaintiff avers that Dr. Kraus "has review[ed] plaintiff's medical records." *Id.* Plaintiff attached medical documents that include Dr. Kraus' notes on Plaintiff's medical condition. *See, e.g.*, *id.* at 5 ("[Plaintiff's] liver function is reducing . . . . He needs to be started on treatment. [H]e is here on writ so I will discuss this with Dr. Allen at his designated institution."). Plaintiff attached two medical documents that include Dr. Sutherland's medical opinion of Plaintiff. *E.g.*, *id.* at 10 ("Final Diagnosis: liver, biopsy: chronic hepatitis with portal fibrosis and early septation . . . consistent with chronic [HCV] infection."). Plaintiff asserts that Dr. Sutherland is a pathologist, but Plaintiff does not assert that pathologists are "competent to express an opinion as to the negligent conduct alleged." *Id.* at 3; Colo. Rev. Stat. § 13-20-602(3)(a)(ii)(c). Plaintiff does not specify Dr. Kraus' or Dr. Kelly's medical specialities or their competency in opining regarding the United States' alleged negligence. According

11

to Plaintiff, all three physicians "support plaintiff's claim of damages caused by [HCV]." *Cert. of Review* [#28] at 4.

Plaintiff's Certificate fails to meet the requirements outlined in § 13-20-602(3)(a)(i),(ii)(c). First, the Certificate does not include sufficient information about the medical expertise of the physicians whom he consulted. It is entirely unclear that any of the physicians possesses the necessary competency to offer any opinion regarding the Defendant's alleged negligence. In addition, Plaintiff's Certificate does not state that the physicians reviewed "the known facts" that are relevant to Plaintiff's claim. *Id.* The Certificate also does not include an explicit statement from the physicians opining that Plaintiff's claim "does not lack substantial justification." *Cf. Cert. of Review* [#28] at 4 ("Dr. Kraus, Dr. Kelly, and Dr. Sutherland are unbiased medical experts and support plaintiff's claim of damages caused by [HCV]."). In short, the Certificate does not adequately link Plaintiff's alleged injuries to the named defendant. The Court, therefore, declines to exercise its discretion and accept Plaintiff's Certificate in lieu of a proper certificate because the Certificate does not provide to the United States "all of the information that [the United States] would have received pursuant to a certificate of review." *Shelton*, 984 P.2d at 629.

Under Colorado law, "[t]he failure to file a certificate of review in accordance with [the statute] shall result in the dismissal of the complaint, counterclaim, or cross claim." Colo. Rev. Stat. § 13-20-602(4). The Court, therefore, respectfully **recommends** that the United States' Motion to Dismiss be **granted** and the claim against the United States be **dismissed without prejudice**. *See, e.g.*, *Alpine Bank v. Hubbell*, No. 05-cv-00026-EW-NP, 2007 WL 218906, at *5 (D. Colo. Jan. 26, 2007) (holding dismissal with prejudice is

improper because of failure to file certificate of review, unless egregious circumstances like gross negligence or forgery exist).

### III.  Conclusion

Accordingly,

It is hereby **ORDERED** that the Motion to Amend [#24] is **GRANTED**.

The Court respectfully **RECOMMENDS** that the Motion to Dismiss [#22] be **GRANTED** and the claim against the United States be **DISMISSED without prejudice**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 25, 2014                                    BY THE COURT:

                                                                         Kristen L.  Mix
                                                                         United States Magistrate Judge