IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-02962-CMA-KLM

TRACY A. CARSON,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

---

**ORDER ADOPTING AND AFFIRMING JUNE 25, 2014
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This case was referred to United States Magistrate Judge Kristen L. Mix pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. (Doc. # 8.) On June 25, 2014, Judge Mix issued a Recommendation that Defendant's motion to dismiss be granted and Plaintiff's claim against the United States be dismissed without prejudice. (Doc. # 34). Plaintiff has objected to Judge Mix's recommendation. (Doc. # 36.)

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting her review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Because of Plaintiff's objection, the Court has conducted a *de novo* review of this matter, including reviewing all relevant pleadings, the Recommendation, and Plaintiff's objection thereto. For the following reasons, based on this *de novo* review, the Court concludes that Judge Mix's Recommendation is correct and is not called into question by Plaintiff's objection.

Plaintiff suffers from the Hepatitis C virus (HPV) and is currently incarcerated by the Bureau of Prisons (BOP). He alleges that a BOP doctor committed medical malpractice in the manner in which he treated Plaintiff's HPV. Because Plaintiff is advancing such a malpractice claim in Colorado, he must comply with Colorado Revised Statute § 13-20-602, which requires Plaintiff to file a certificate stating that he has "consulted a person who has expertise in the area of the alleged negligent conduct; [t]hat the [this person] . . . has reviewed the known facts, . . . relevant to the allegations of negligent conduct and, based on the review of such facts, has concluded that the filing of the claim . . . does not lack substantial justification."

Plaintiff did file a certificate in this case, relying on the alleged opinions of a number of doctors who had examined Plaintiff. Judge Mix determined, however, that the certificate did not meet the standard outlined in § 13-20-602 in large part because none of the experts referenced in Plaintiff's certificate established—or even referenced—acts that constituted "negligent conduct" with regard to Plaintiff's HPV treatment. (Doc. # 28.) Indeed, on this Court's independent review of the records provided in the certificate, they appear to merely show how Plaintiff's HPV has progressed—**not** that it has progressed or been exacerbated **as a result of**

**negligence**.  The Court therefore agrees with Judge Mix that Plaintiff's certificate is inadequate under Colorado law and his claim cannot proceed.

Plaintiff objects to this conclusion for a number of reasons, none of which the Court finds persuasive.  First, Plaintiff alleges that he is not bringing just a medical malpractice claim against his individual treating physician but also against BOP as an agency for requiring BOP doctors to adhere to a policy that requires what Plaintiff considers to be a negligent approach to treating HPV.  He alleges this separate claim is not subject to § 13-20-602.  This argument fails because it is far from clear on the face of Plaintiff's complaint that he is advancing such a claim.  Further, if Plaintiff wishes to amend his complaint to include such a claim, he must explain why such an attack on BOP policy does not fit within the "discretionary function" exception to liability under the Federal Tort Claims Act, which generally insulates government actors from liability for policy decisions.  *See, e.g.*, *United States v. Gaubert*, 499 U.S. 315 (1991).

Second, Plaintiff suggests that this Court can exercise its discretion and not apply the certificate requirement in his case.  Plaintiff is correct that Colorado law does provide for a discretionary exception to application of this requirement, but he fails to note that this exception applies only "in clear and palpable cases," *Giron v. Koktavy*, 124 P.3d 821, 825 (Colo. Ct. App. 2005).  Plaintiff fails to argue—and this Court declines to find—that his allegation about improper treatment for a complicated pathology such as HPV could fit within this exception.

Third, Plaintiff alleges that the Prison Litigation Reform Act, by allowing a Court to dismiss a claim that is frivolous, *see* 42 U.S.C. § 1997e(c)(1), performs the same

function as § 13-20-602.  Plaintiff presumes he has already passed the test for frivolity, and accordingly must pass the § 13-20-602 test.  Plaintiff's argument is creative but fails to appreciate, among other things, that just because a claim is not frivolous it does not follow that it is substantially justified based on review by an expert.  That latter test is clearly not met here for the reasons articulated by Judge Mix.  Further, such a test cannot even be performed by a judge screening for frivolous prisoner complaints.

Fourth, Plaintiff contends that the certificate filing requirement is unfair to *pro se* parties—especially those without easy access to independent medical experts.  This basis for an exemption to § 13-20-602 finds no support in Colorado case law—indeed, it is perhaps more properly characterized as a complaint about the law better directed at the Colorado legislature, which passed § 13-20-602 to tighten the requirements for brining malpractice actions.  Cf. *Yadon v. Southward*, 64 P.3d 909, 912 (Colo. Ct. App. 2002) ("To conclude . . . that civil actions alleging negligence by licensed professionals filed by nonattorney pro se plaintiffs are exempt from the requirement of filing a certificate of review would produce a result that is both anomalous and contrary to the broad intent clearly expressed by the General Assembly.").

Accordingly, it is hereby ORDERED that Plaintiff's objection (Doc. # 36) is OVERRULED.  It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge Kristen L. Mix (Doc. # 34) is AFFIRMED and ADOPTED as an Order of this Court.  Pursuant to the Recommendation, it is

FURTHER ORDERED that the claim against Defendant complaint is DISMISSED WITHOUT PREJUDICE and this case is administratively closed subject to reopening if Plaintiff files a complaint that complies with Colorado Revised Statute § 13-20-602

DATED:  July 18, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge